OPINION
Defendant-appellant, Michael Nutt, appeals from the January 21, 2000 judgment and sentence entry of the Franklin County Court of Common Pleas sentencing him to one year of imprisonment for violation of community control sanctions. For the reasons that follow, we affirm.
On June 13, 1997, appellant was indicted on four counts of sexual battery for engaging in sexual intercourse with his then sixteen-year-old stepdaughter. On September 11, 1997, appellant pleaded guilty to Counts 1 and 2 of the indictment. At the guilty plea hearing, the trial court advised appellant that, if he violated a community control sanction, he could be brought back to court and be sentenced to a term of imprisonment of one to five years. At the sentencing hearing on October 30, 1997, and by means of a sentencing entry dated November 3, 1997, the trial court sentenced him to one year of imprisonment on count one and a five-year community control sanction on count two. The community control sanction included the condition that appellant was to have no contact whatsoever with the victim.
In March of 1998, while appellant was serving his one-year prison sentence at the Correctional Reception Center in Orient, Ohio, appellant asked his wife to smuggle marijuana into the prison. State v. Nutt
(Sept. 16, 1999), Pickaway App. No. 98CA36, unreported. The parole board imposed a ninety-day bad-time penalty on appellant to be served consecutively with his original sentence. Id. The Pickaway County Grand Jury also indicted appellant on one count of complicity to commit illegal conveyance of a drug of abuse onto the grounds of a detention facility.Id. Appellant was found guilty by the trial court and sentenced to serve nine months in prison consecutive to his original sentence and consecutive to the additional ninety-day bad-time provision imposed on him by the parole board. Id. The Fourth District Court of Appeals reversed his conviction as appellant had been subjected to multiple punishments in separate proceedings for the same offense. Id.
On December 30, 1999, appellant's probation officer filed a "Request for Revocation of Probation and Statement of Violation(s)." Three violations were alleged:
 1. The defendant was arrested for a parole violation on 11-26-99 for having contact with the victim.
 2. The defendant submitted to a urine screen on 11-23-99 and it returned positive for cannabinoids.
 3. The defendant failed to show for his sex offender assessment on 11-2-99, 11-8-99 and failed to report to treatment group on 11-16-99 and 11-23-99.
At a hearing on January 20, 2000, appellant stipulated to the violations. In an entry styled "Resentencing Entry" dated January 21, 2000, the trial court imposed a sentence of one year of incarceration with sixty-four days jail-time credit.
On appeal, appellant has assigned the following as error:
ASSIGNMENT OF ERROR NO. I
 The trial court erred by punishing Appellant twice for the same offense in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution to be free from double jeopardy.
 ASSIGNMENT OF ERROR NO. II The trial court erred by sentencing Appellant to a prison sentence under Ohio Rev. Code Ann. § 2929.14
without any evidence or allegation that Appellant's community control sanction violation was a felony.
 ASSIGNMENT OF ERROR NO. III The trial court erred by subjecting Appellant to the control of the Ohio Adult Parole Authority after his release from the current sentence.
 ASSIGNMENT OF ERROR NO. IV The trial court erred by failing to credit Appellant with time served on a related count.
 ASSIGNMENT OF ERROR NO. V To the extent that any of the preceding claims were waived by trial counsel, the trial court erred by imposing a sentence when Appellant was not afforded the effective assistance of counsel.
In his first assignment of error, appellant argues that his one-year term of imprisonment, imposed after he stipulated to violating his community control sanction, violated the Double Jeopardy Clause of the United States Constitution. Appellant contends that jeopardy attached when he began to serve his community control sanction in November 1997, and that thereafter, the trial court was constitutionally without authority to increase his sentence by imposing a term of imprisonment for the underlying offense. Appellant argues the January 21, 2000 "Resentencing Entry" was a second punishment for appellant's sexual battery conviction on count two, not punishment for a community control sanction violation.
If an offender violates community control sanctions, the trial court can increase the restrictions. Those increased restrictions may include a term of imprisonment. R.C. 2929.15(B) outlines the permissible penalties that may be imposed upon a defendant who has violated a community control sanction. The statute, in effect at the time of appellant's crimes, provided in pertinent part that:
 If the conditions of a community control sanction or the mandatory condition imposed under division (C)(1)(b) of section 2951.02 of the Revised Code is violated, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The court shall not eliminate the mandatory condition imposed under division (C)(1)(b) of section 2951.02 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19
of the Revised Code. The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed.
In addition, if a prison term is imposed for violation of a community control sanction, it shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to R.C. 2929.19(B)(5). Here, the trial court informed appellant at his guilty plea hearing, rather than at the sentencing hearing, that, if he violated the terms of his community control sanction, the court could imprison him for one to five years. Appellant has not argued that the trial court's notice was deficient because it was provided at the plea hearing rather than at the sentencing hearing and, accordingly, we do not address the issue other than to note that the Fifth District Court of Appeals has held that a trial court fully complied with R.C. 2929.19(B)(5) at the time a defendant entered his guilty plea by notifying him of a specific term which may be imposed for a violation of a community control sanction. State v. Miller (Dec. 30, 1999), Tuscarawas App. No. 99AP020010, unreported; see, also, State v. John (Apr. 12, 2000), Tuscarawas App. No. 1999AP090057, unreported.
In the instant case, despite the heading "Resentencing Entry," appellant was not resentenced nor was he subjected to multiple punishments. Rather, at the January 21, 2000 hearing, appellant was sentenced to a one-year term of imprisonment for violating his community control sanction and, in particular, for having contact with the victim. As part of his original sentence, appellant was placed on a five-year community control sanction with the specific proviso that he was to have no contact with the victim whatsoever. The trial court advised appellant that, if he violated a community control sanction, he could be sentenced to a term of imprisonment of one to five years. Subsequently, appellant admitted to violating his community control sanction by having contact with the victim, and the trial court, true to its word, imposed a one-year term of imprisonment.
In sum, appellant was clearly notified at his guilty plea hearing that, if he were placed on a community control sanction and he violated the conditions of that sanction, he could be sentenced to a term of imprisonment. After appellant violated the terms and conditions of his community control sanction, the trial court imposed a term of imprisonment. The trial court's action did not violate the Double Jeopardy Clause of the United States Constitution. The first assignment of error is not well-taken.
In his second assignment of error, appellant argues that a trial court cannot sentence a defendant to prison for a violation of a community control sanction unless the violation itself is a felony. Appellant contends that R.C. 2929.15(B) permits a trial court to punish a violation of a community control sanction with a prison term pursuant to R.C. 2929.14
and that R.C. 2929.14 permits imposition of a prison term only for the commission of a felony. Here, the trial court sentenced appellant to a prison term for violating the condition that he was not to have contact with the victim. Since violation of a no-contact order is not a felony, appellant argues the trial court was limited to imposing a more restrictive community control sanction. We disagree.
As discussed above, former and current R.C. 2929.15(B)(5) provide that, at the time of sentencing an offender to a community control sanction, the trial court is required to notify the offender of the maximum prison sentence that the court might impose if the offender violates the community control sanction. Under R.C. 2929.19(B)(5), the trial court is required to "indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." The statutory reference to the range of terms to be selected is governed by the offense of conviction, not any potential violation that may or may not occur in the future. If a trial court fails to notify an offender of the specific prison term that could be imposed, the court may not sentence an offender to prison following a violation of the terms of a community control sanction. State v. Virasayachack (Aug. 10, 2000), Cuyahoga App. No. 76782, unreported.
Here, appellant had been informed of a potential prison sentence of one to five years. The underlying offense was sexual battery, a third degree felony and, therefore, the trial court did not err in imposing a one-year term of imprisonment for the violation of the community control sanction. The second assignment of error is not well-taken.
In his third assignment of error, appellant argues that post-release control can only be added to a prison sentence imposed for a felony conviction, not to sentences for violations of community control sanctions. Appellant claims the trial court imposed an additional punishment on him when it subjected him to a five-year period of post-release control under the supervision of the Ohio Adult Parole Authority. Again, we disagree.
Appellant's sentence on Count 2 of the indictment was a five-year community control sanction with the possibility of a prison term if he violated the terms of his community control sanction. Appellant triggered the imposition of a prison term by having contact with the victim. Once the trial court imposed a term of imprisonment (rather than a more restrictive community control sanction), post-release control for appellant's third-degree felony sex offense was mandatory. R.C.2967.28(B). The third assignment of error is not well-taken.
In his fourth assignment of error, appellant argues the trial court erred by denying an informal in-chambers request for two hundred forty-eight days of prison time credit he served for the vacated sentence for attempting to smuggle drugs into prison. This assignment of error is based on appellant's motion to supplement the record, as the record before this court does not show the request was ever made. On September 5, 2000, the trial court denied appellant's motion to supplement the record. Accordingly, the assignment of error is not well-taken.
In his fifth assignment of error, appellant argues that, to the extent his trial counsel waived any of the preceding claims, he received ineffective assistance of counsel. With respect to the first three assignments of error, appellant has not demonstrated any ineffectiveness of counsel as he cannot demonstrate that he was prejudiced in any way by trial counsel failing to make certain arguments regarding imposition of a prison term for violation of a community control sanction. With respect to the fourth assignment of error, appellant alleges facts that are outside the record of this appeal. Accordingly, the fifth assignment of error is not well-taken.
Based on the foregoing, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BOWMAN, P.J., and McCORMAC, J., concur.
 McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.